YARRUT, Judge.
Plaintiff sues to recover $922.00 for repairs to Defendant’s roof, 1303 Audubon Street in New Orleans, Louisiana. Defendant reconvened for $2,135.64 for repairs to the roof and rafters made necessary by Plaintiff’s poor workmanship.
The District Court awarded Plaintiff $472.00. Defendant appealed, also seeking $350.00, as a fee to be paid to Murvan M. Maxwell, architect, who testified as an expert that many of the repairs were made in an unworkmanlike manner.
Plaintiff answered the appeal asking for the 25% attorney’s fees specified in the contract, and that the expert fee allowed the cour.t-appointed expert, Donald Jackson, be either taxed entirely against Defendant, or shared with it on a pro-rata basis.
Mr. Jackson testified it would cost $450.00 to put the roof in the condition it should have been put in under the contract with Plaintiff. The Trial Judge visited the building, along with Mr. Jackson, and concluded the roof was an old roof, and that the reconventional demand of Defendant *642 was based on the contention that a new roof be placed on the building; a condition not provided for in the contract. Accordingly, the District Judge rejected the reconven-tional demand.
We find no error in the Trial Judge’s determination that $450.00 was sufficient to put the roof in a proper state of repair as contemplated in the contract. However, we must hold that 25% attorney’s fees should be imposed according to the terms of the contract; and that Mr. Maxwell, the architect, should be allowed $100.00 expert fee.
Therefore the judgment is amended to allow 25% attorney’s fees on the $472.00 award, and $100.00 as expert fee to Mr. Maxwell; the expert fees to be taxed equally between Plaintiff and Defendant.
As amended the judgment is affirmed; each party to pay his taxable court costs.
Judgment amended and affirmed.